# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JOLYNN ZIMPLE, ) | |
| ) | |
| Plaintiff, ) | No. C 12cv2045 EJM |
| ) | |
| vs. ) | ORDER |
| ) | |
| HANCOCK FABRICS, INC, ) | |
| SUSAN GEARY and JOHN ) | |
| THOMPSON, ) | |
| ) | |
| Defendants. | |

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed July 2, 2013. The briefing concluded on August 5, 2013. Denied.

Plaintiff Jolynn Zimple, a/k/a Jody Zimple, a resident of Dike, Grundy County, Iowa, brings this action seeking damages from defendant Hancock Fabric, Inc., a Delaware corporation with its headquarters in Baldwyn, Mississippi, doing business in Waterloo, Iowa, and two employees of Hancock Fabrics, for defendants' claimed violation of the Americans with Disabilities Act (ADA), 42 USC §§12101-12213, and the Iowa Civil Rights Act (ICRA), IC §216 et seq. Those two employee defendants are Susan Geary, Hancock Fabrics' district manager and plaintiff's immediate supervisor, and John Thompson, a Human Resources specialist at Hancock Fabrics based at their headquarters in Mississippi. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff's Amended Complaint alleges that she worked as the manager of the Waterloo Hancock Fabrics store from June 9, 2009, through April 13, 2011. She asserts a prior right shoulder injury and a subsequent injury to the left shoulder sustained on the job at Hancock Fabrics on January 27, 2010. On February 7, 2011, plaintiff asserts she was released by her primary treating physician, who established permanent work restrictions for plaintiff, including not lifting anything over 20 pounds or anything above shoulder length.

As soon as plaintiff was released by her physician and the work restrictions established, conflict arose between her and her employer. According to the Amended Complaint, Plaintiff told her employer that she was capable of performing her job, possibly with an accommodation. Hancock Fabric urged plaintiff to either file for workers compensation or take leave under the Family and Medical Leave Act, or both. Plaintiff resisted this, and wanted to continue working.

On April 13, 2011, defendant Susan Geary came to plaintiff's work place and told plaintiff that she had been placed on unpaid leave. In a letter dated April 13, 2011, John Thompson stated, "I received notification of your need for a leave of absence due to a work-related injury." Plaintiff had not requested to be placed on unpaid leave, nor did she believe it was necessary.

Plaintiff asserts defendants' conduct in involuntarily placing her on unpaid leave and then not letting her return to her position when that leave expired effectively terminated her employment and constituted discrimination against her on the basis of

her disability in violation of the ADA and the ICRA, and further, that termination of her employment was in retaliation for seeking accommodation.

Defendants seek summary judgment, asserting that plaintiff could not perform the essential functions of her job, with or without reasonable accommodation. Additionally, defendants urge they did not take action against plaintiff because of her alleged disability, and instead had a legitimate non-discriminatory reason for her termination which was not pretextual.

Plaintiff resists the defendants' motion.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Plaintiff claims disability discrimination under both the ADA and the ICRA. Disability claims under the ICRA are typically analyzed in accordance with the ADA, Kallail v. Alliant Energy Corporate Services, Inc., 691 F3d 925, 930 (8th Cir. 2012), and plaintiff raises no distinction between her two claims. They shall be considered together under the framework of the ADA.

> The ADA makes it unlawful for a private employer to discriminate against "any qualified individual on the basis of disability." 42 USC §12112(a). "Discrimination" is defined to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." Id. §12112(b)(5)(A). To establish a prima facie case of discrimination under the ADA, an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment decision because of the disability. Huber v. Wal-Mart Stores, Inc., 486 F3d 480, 482 (8th Cir. 2007). To be a qualified individual under the ADA, an employee must "(1) possess the requisite skill, education, experience, and training for [her] position; and (2) must be able to perform the essential job functions, with or without reasonable accommodation." Fenney v. Dakota, Minn. & E. R.R. Co., 327 F3d 707, 712 (8th Cir. 2003) (internal quotation omitted), see also 42 USC §12111(8).

Kallail v. Alliant Energy Corporate Services, Inc., supra, 691 F3d 925, 930 (8th Cir. 2012). Discrimination includes not making reasonable accommodations to known physical limitations of an otherwise qualified individual with a disability, unless the employer can demonstrate the accommodation would impose an undue hardship on the employer's business. Discrimination also includes not entering into the required interactive process to develop a reasonable accommodation under the facts of the case. Heaser v. The Toro Co., 247 F3d 826, 830 (8th Cir. 2001) (citation and quotations omitted).

Considering the elements of the prima facie case of disability discrimination noted above, and viewing the facts in the best light for the non-moving party, it appears that there is a disputed question of material fact whether plaintiff is disabled within the meaning of the ADA, and thus a "qualified individual", due to the effect of her shoulder injuries upon her ability to lift and perform other duties, including cutting fabric and stocking and restocking. In support of their motion, defendants urge that plaintiff is not a

4

"qualified individual" under the ADA, as her physician's statement and her own admissions demonstrate she could not perform the essential function of her job. Defendants further assert that plaintiff never requested an accommodation, and that if she had, any accommodation would not have enabled her to perform the essential functions of the job, and that she was removed from her job because she could not perform the essential functions of the job, with or without reasonable accommodation.

In response, plaintiff asserts that with a reasonable accommodation, she would have been able to perform the essential functions of the job, and that the lifting requirement of 20 pounds, or above shoulder height, is not an essential function of the job.

In determining whether a job function is essential, the court must consider evidence including (1) the employer's judgment as to which functions are essential, (2) written job descriptions prepared before advertising or interviewing applicants for the job, (3) the amount of time performing the function, (4) the consequences of not requiring performance of the function, (5) the terms of any collective bargaining agreement, (6) the work experience of past incumbents on the job, and/or (7) the current work experience of incumbents in similar jobs. Kallail v. Alliant Energy Corporate Services, Inc., supra, 691 F3d at 930 (citations omitted).

Viewing the record in the light most favorable to plaintiff in accordance with summary judgment standards, the court finds that there are disputed questions of material fact as to whether plaintiff could perform the essential functions of her job with a reasonable accommodation. For starters, there are many questions of fact in the

record on just what those essential functions were. During the agency process and during discovery in this proceeding, three different written job descriptions have been produced. See Zimple Apps. 2, 3, 11, 24, 26-27, 28, 52-59. Additionally, there are disputed questions of fact on what parts of her existing job she could or did perform. While Hancock Fabrics points to an in-person meeting between plaintiff and defendant Geary on March 17, 2011, when plaintiff allegedly became upset and stated that she "just can't do the job anymore," plaintiff now alleges that she can, possibly with a reasonable accommodation, which had not been discussed at that time. There is testimony that she could cut fabric, Zimple Depo. Pp. 75:17-20, 76:22-77:4, drape and move the fabric, Zimple Depo. P. 76:1-3 (although there is conflicting testimony on this point), and to a limited degree, help unload the delivery truck, put the merchandise in carts, take it out front, and stock it. Zimple Depo. P. 98:3-10. Regarding cleaning, there is conflicting testimony and documentary evidence as to whether, and to what extent, this is an essential function of the job, and to what extent plaintiff could perform this, and what reasonable accommodation, including possibly delegation, would give what degree of help. There exist multiple disputed questions of material fact on these issues.

Further, there was never really an interactive process to develop a reasonable accommodation for these circumstances. Defendants state plaintiff never asked for one, but plaintiff on April 11, 2011 emailed to defendant Geary:

> With the cut in hours and with my permanent injury there are several times during my shift that there is only one person here with me. The problem is when we get busy I'm unable to help with the fabric and/or Deco I'm able to run the register

but not necessarily the cutting. When I try to cut, I can cut for about 10 minutes then the pain in my shoulder starts and also my hand. We do have customers complain. What do you want me to do? Can you release some payroll to help with this problem if not what do you want me to do?

This is a request to engage in an interactive process to develop a reasonable accommodation, at least for purposes of this summary judgment motion. Viewed in a light most favorable to non-movant plaintiff, defendant Hancock Fabrics never fully responded to this. They denied the request for further payroll, but never offered any other alternative, nor did they show themselves open to one, or offer to further discuss such a reasonable accommodation. Defendant Geary told plaintiff in an email that "We have no additional payroll. We can no longer acomidate [sic] your restrictions...We will keep you on LOA until you can come back 100%." Depo. Ex 11, Defs' App. 81. Both sides agree that plaintiff's restrictions were permanent, so she would never be "100%", which they knew at the time. Hancock Fabrics placed her on unpaid leave involuntarily, and effectively terminated her employment when that leave expired. This is not entering into an interactive process to determine a reasonable accommodation. At the very least, there are disputed issues of material fact on these elements of the cause of action under the Americans with Disabilities Act. <u>Benson v. Northwest Airlines, Inc.</u>, 62 F3d 1108, 1114 (8th Cir. 1995) (citations and quotations omitted).

As to the retaliation count, plaintiff engaged in the protected activity of requesting an accommodation under the ADA on April 11. See above. A reasonable jury could find on this record that defendants retaliated against plaintiff for doing so. The same

disputed questions of material fact discussed above also exist regarding that claim, and thus the motion for summary judgment on that count must also be denied.

Upon the foregoing, there exist disputed issues of material fact precluding the entry of summary judgment.

It is therefore

ORDERED

Defendant's Motion for Summary Judgment denied.

August 12, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT